OPINION
This timely appeal arises from the decision of the Columbiana County Court of Common Pleas designating Appellant a sexual predator as defined in R.C. § 2950.09. Appellant challenges this designation by arguing that the trial judge departed from the recommendation reached in a court ordered sexual predator evaluation. For all of the following reasons this Court affirms the judgment of the trial court.
On January 15, 1998, Lawrence A. Schmidt ("Appellant") was indicted on the following charges: Count I: Complicity to Corruption of a Minor, in violation of R.C. § 2907.04(A), a fourth degree felony; Count II: Sexual Battery, in violation of R.C. § 2907.03(A)(5), a third degree felony; Count III: Attempted Sexual Battery, in violation of R.C. §2907.03(A)(5), a fourth degree felony; Counts IV and V: Rape, in violation of R.C. § 3907.02(A)(1)(b), first degree felonies; and Counts VI and VII: Rape with Force Specifications, in violation of R.C. § 2907.02(A)(1)(b). (Secret Indictment). The victims included Appellant's minor daughters and a niece who was under the age of twelve.
On April 27, 1998, Appellant entered into a plea agreement. Pursuant to this agreement, Appellant pled guilty to Counts II, III, and IV. In return, Counts I, V, VI, and VII were nolled. The prosecution recommended a sentence of five years on Count II, eighteen months on Count III and ten years on Count IV. The prosecution further recommended that Counts II and IV be served consecutively and Count III be served concurrently for a total term of incarceration of fifteen years. (Transcript, p. 4). The prosecution also recommended that Appellant be classified a sexual predator subject to the statutorily-mandated lifetime notification requirements. The trial court granted Appellant's request for a sexual predator evaluation.
Gerald L. Heinbaugh and Dr. Stanley J. Palumbo of the Forensic Psychiatric Center of Northeast Ohio conducted the examination. In a fairly comprehensive report, these gentlemen opined in part that Appellant:
 "Cannot be classified as a habitual sex offender because he has not been, previously convicted of or plead guilty to a sexually oriented offense. It is my opinion that [Appellant] can best be classified as a sexually oriented offender . . ."
(Sexual Predator Evaluation, pp. 7-8).
On July 24, 1998, a sentencing and sexual predator hearing was held. At this hearing, the state again made its sentencing recommendation. After Appellant was provided with an opportunity to make a statement, the trial court accepted the state's recommendation and sentenced Appellant accordingly. The trial court next addressed the sexual predator issue. While acknowledging that the conclusions of Gerald L. Heinbaugh and Dr. Stanley J. Palumbo were "strongly considered", the court determined that Appellant met most, if not all, of the relevant factors supporting a sexual predator designation. (Transcript, pp. 12-14)
It is the decision of the trial judge designating Appellant as a sexual predator in apparent conflict with the conclusions reached by the court-ordered sexual predator evaluation which forms the basis of the present appeal. In his sole assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT-APPELLANT A SEXUAL PREDATOR, AS THE STATE FAILED TO MEET ITS BURDEN OF PROVING SUCH BY CLEAR AND CONVINCING EVIDENCE."
The primary thrust of Appellant's argument is that since the sexual predator evaluation concluded with the opinion that he was not a sexual predator and since the prosecution offered no evidence to contradict that opinion, the trial court was legally bound to accept the conclusions reached in the evaluation and that it was reversible error to rule otherwise.
This argument signifies a fundamental misunderstanding of the procedural aspects surrounding a sexual predator designation. R.C. § 2950.09(B)(2) provides that a trial court must consider all relevant factors, including but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender' conduct.
Not only is the trial court to consider all of the factors listed above prior to making a designation, the conclusion reached by that court that an individual is a sexual predator must be supported by clear and convincing evidence. State v. Cook
(1998), 83 Ohio St.3d 404, 408. Clear and convincing evidence is the type of evidence which would provide, "in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id., citing Cincinnati Bar Association v.Massengale (1991), 58 Ohio St.3d 121, 122. Specifically, the role of the trial court is to determine, based on the evidence and the testimony presented, whether the offender is likely to engage in one or more sexually oriented offenses in the future. State v.Woodburn (March 23, 1999), Columbiana App. No. 98 CO 6, unreported.
Conspicuously missing from the list of statutory factors is any requirement that the trial court's designation be consistent with or, indeed, even based upon a psychological evaluation. To be sure, R.C. § 2950.09(C)(2) provides that the Department of Rehabilitation and Correction may recommend to the trial court that an individual currently incarcerated and convicted of a sexually related crime prior to the effective date of R.C. §2950.09 be designated a sexual predator before the offender's release. However, even in that type of scenario, the recommendation is not binding on the trial court. State v. Goodballet (March 30, 1999), Columbiana App. No. 98 CO 15, unreported. If a recommendation from the Department of Rehabilitation and Correction is not binding on the trial court, it naturally follows that the recommendation provided by a licensed professional counselor is equally non-binding.
Having disposed of the issue concerning the sexual predator evaluation conducted by the Forensic Psychiatric Center, we now turn our attention to the actual evidence in support of the trial court's designation of Appellant as a sexual predator. The trial court had before it evidence that there were multiple victims (Transcript, p. 13), that Appellant was the father of two of the victims and was the third victim's uncle (Transcript, p. 13) and that all of the victims were minors (Transcript, p. 13). While Appellant's indictment pertained to three victims, there was evidence on the record that there may have been as many as six. (Sexual Predator Evaluation, p. 6). The trial court also learned that Appellant had provided the victims, including the youngest, with alcohol and drugs and that Appellant had threatened to kill the youngest victim or "bloody her nose." (Transcript, p. 13; Sexual Predator Evaluation, p. 7). Finally, the trial court had information to indicate that Appellant actually began sexual contact with one of the victims when she was only three years old and that Appellant had "groomed" all of the victims at an early age through, "tickling, massages, and game playing," to help facilitate more sexually overt activity as the children grew older. (Sexual Predator Evaluation, p. 6)
It is clear that the trial court had evidence before it that applied to almost every factor articulated in R.C. §2950.09(B)(2). The record before this Court indicates that there is ample evidence of a clear and convincing nature to support the trial court's judgment that Appellant be determined a sexual predator. As such, this Court will not disturb that judgment.
For all of the foregoing reasons, Appellant's sole assignment of error is overruled and the judgment of the Columbiana County Court of Common Pleas is hereby affirmed.
VUKOVICH, J., DONOFRIO, J, concurs.
 __________________________ CHERYL L. WAITE, JUDGE